IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOBAL CASTILLO and | § | |
| ROSALINDA BOURBOIS, | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 3:18-CV-396-M-BH** |
| v. | § | |
| | § | |
| PENNYMAC LOAN SERVICES, LLC, | § | |
| **Defendant.** | § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings, evidence, and applicable law, *Defendant's Motion for Summary Judgment*, filed September 7, 2018 (doc. 8), should be **GRANTED**.

## I.  BACKGROUND

This case involves the attempted foreclosure of real property located at 2118 Marigold Drive, Rowlett, Texas 75089 (the Property). (doc. 1-5 at 3.)[2] On November 10, 2016, Christobal Castillo (Castillo) individually executed a note (Note) in favor of DHI Mortgage Company Ltd. (DHI) for a loan in the principal amount of $299,475.00. (doc. 10 at 10-14.) The Note is indorsed in blank and currently held by PennyMac Loan Services, LLC (Defendant).[3] (*Id.* at 14.) Castillo and his wife, Rosalinda Bourbois (collectively Plaintiffs), contemporaneously executed a deed of trust (Deed of Trust) that granted a security interest in the Property to the "Lender," identified as DHI or "any holder of the Note," to secure repayment under the Note. (*Id.* at 138-55.) The Deed of Trust named

---

[1]  By *Special Order No. 3-251*, this foreclosure case was automatically referred for full case management, including the determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3]  The Note was initially indorsed to PennyMac Corp., and subsequently indorsed to Defendant. (doc. 10 at 12-13.)

Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for Lender and its successors and assigns and as the beneficiary of the Deed of Trust. (doc. 10 at 139.)

As Lender's nominee, MERS had the right to exercise any and all of the interests Plaintiffs granted Lender, including foreclosing and selling the Property upon default, and releasing and canceling the Deed of Trust. (*Id.* at 141.) Under the terms of the Deed of Trust, Plaintiffs would be in default if they failed to timely pay the full amount of each required monthly payment and subject to acceleration of the loan and foreclosure proceedings on the Property. (*Id.* at 141-42.) On October 12, 2017, MERS, as nominee for DHI, executed a transfer of lien (Transfer of Lien) assigning the Deed of Trust to Defendant, which was recorded with the Dallas County Clerk. (*Id.* at 161-62.) Defendant is also the servicer of Plaintiffs' mortgage. (*Id.* at 6, 28-29.)

Beginning June 1, 2017, Plaintiffs failed to submit their required monthly payments and were held in default. (doc. 10 at 31-39.) On June 22, 2017, Defendant sent Castillo a notice of default (Notice of Default) as required under the Note and Deed of Trust. (*Id.* at 43-47.) The Notice of Default explained that Plaintiffs were in default for failure to make required payments, and that the maturity date of the Note and Deed of Trust would be accelerated if the default was not cured on or before July 27, 2017. (*See id.*) On December 11, 2017, Defendant's counsel sent Plaintiffs a notice of acceleration (Notice of Acceleration) explaining that they had failed to cure the default, and the maturity date under the loan documents had been accelerated as a result. (*Id.* at 58-60.) Also included was a notice of substitute trustee sale (Notice of Substitute Trustee Sale) notifying Plaintiffs that the sale of the Property was scheduled to occur on February 6, 2018. (*Id.* at 61-62.) On January 26, 2018, Defendant sent Castillo a letter notifying him that his application for a loan modification was denied because the foreclosure sale date was within 37 days. (*Id.* at 50.)

2

On February 5, 2018, Plaintiffs sued for violations of the Texas Property Code and the Texas Debt Collection Protection Act (TDCPA) and for breach of contract, and they applied for a temporary restraining order in the County Court at Law No. 4 of Dallas County, Texas.  (*See* doc. 1-5 at 2-11.)  They sought statutory damages, compensatory damages, exemplary damages, attorney's fees, court costs, injunctive relief, and a declaratory judgment. (*Id.* at 8-10.) The temporary restraining order was granted the same day, and the foreclosure sale was canceled.  (*See* doc. 1-8 at 2-5.) Defendant subsequently removed the action to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332 on February 16, 2018.  (*See* doc. 1.)

On September 7, 2018, Defendant moved for summary judgment.  (doc. 8.)  Plaintiffs responded on October 9, 2018 (docs. 14, 15), and Defendant replied on October 19, 2018 (doc. 16). The motion is ripe for consideration.

## II.  MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment on Plaintiffs' claims for breach of contract, violations of the Texas Property Code and the TDCPA, and on their requests for declaratory judgment, injunctive relief, and attorney's fees.  (*See* doc. 8.)

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no

genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If it "bears the burden of proof on an issue, either because [it] is the plaintiff or as a defendant [it] is asserting an affirmative defense, [it] must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  The moving party can also meet its summary judgment burden by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325 (internal quotation omitted).  There is "no genuine issue as to any material fact [where] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324.  It must go beyond its pleadings and designate specific facts to show there is a genuine issue for trial. *Id.*; *Anderson*, 477 U.S. at 249.[4]  Rule 56 imposes no obligation for a court "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)).  Parties must "identify specific evidence in the record" supporting challenged claims and "articulate the precise manner in which that evidence supports [those] claim[s]." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).  While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59

---

[4]  "The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)).

(1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

A.    **Texas Property Code**

Defendant seeks summary judgment on Plaintiffs' claim that it violated the Texas Property Code on grounds that (1) it is based upon unsupported allegations that Defendant lacked the capacity to foreclose, and (2) the summary judgment evidence demonstrates that it complied with the notices required by § 51.002 of the Texas Property Code.[5] (doc. 9 at 15-17, 22-23.)

1.    *Authority to Foreclose in Texas*

"[T]he authority to conduct a foreclosure under Texas law is governed by an entity's relationship to the deed of trust, rather than the associated note." *Kramer v. Fed. Nat. Mortg. Ass'n*, No. A-12-CA-276-SS, 2012 WL 3027990, at *7 (W.D. Tex. May 15, 2012) (citing *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex.App.-Corpus Christi 2002, no pet.)).[6] In a typical mortgage lending contract, the "deed of trust gives the lender as well as the beneficiary [of the deed of trust] the right to invoke the power of sale" upon the borrower's default. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (citation and internal quotation marks omitted).

---

[5] Defendant initially moves for summary judgment on all of Plaintiffs' capacity-based claims, (*see* doc. 9 at 15-17), and separately moves for summary judgment on the Texas Property Code claims (*see id.* at 22-23). Because its capacity-based argument is based on its compliance with the Texas Property Code, the claims are considered together.

[6] Where real property is used as collateral for a loan, "the deed of trust secures [the] debt with a lien on the property" while the promissory note "evidences the debt" itself. *Kramer*, 2012 WL 3027990, at *7.

Where a deed of trust names MERS as the beneficiary of the deed of trust and "expressly provides for MERS to have the power of sale, then MERS has the power of sale." *Willeford v. Wells Fargo Bank, N.A.*, No. 3:12-CV-0448-B, 2012 WL 2864499, at *2 (N.D. Tex. July 12, 2012) (citation omitted). In that situation, as the "nominee for the originating lender and its successors and assigns," MERS also has the authority to transfer the power of sale by assigning the deed of trust. *Id.* at *3. Accordingly, an entity who is neither the original lender nor beneficiary of a deed of trust may acquire the right to foreclose on the mortgaged property by acquiring the deed of trust through a valid assignment. *See Warren v. Bank of Am., N.A.*, No. 3:11-CV-3603-M, 2012 WL 3020075, at *4 (N.D. Tex. June 19, 2012) (holding that upon the assignment of the deed of trust from MERS, the defendant "and its successors acquired [MERS's] rights to sell and foreclose on the property"), *adopted by* 2012 WL 3024746 (N.D. Tex. July 24, 2012).[7]

Chapter 51 of the Texas Property Code governs the procedure for enforcing the "power of sale conferred by a deed of trust or other contract lien." Tex. Prop. Code § 51.002. Under the Texas Property Code, both "a mortgagee and [a] mortgage servicer may administer a deed of trust foreclosure without production of the original note." *Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1, n.1 (5th Cir. Mar. 28, 2011) (citing *id.* at §§ 51.0002, 51.0025). A "mortgagee" is "the grantee, beneficiary, owner, or holder of a security instrument"; "a book entry system"; or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code § 51.0001(4)(A)-(C). A "mortgage servicer" is "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument" and may be the mortgagee itself. *Id.* at §

---

[7] Notably, the assignment need not be executed by the lender to be effective, given that "Texas recognizes assignments of mortgages through MERS and its equivalents as valid and enforceable." *Martins*, 722 F.3d at 253.

51.0001(3).

If the mortgagee is its own mortgage servicer, it may conduct a non-judicial foreclosure sale by following the procedures laid out in the Texas Property Code. *Martins*, 722 F.3d at 255. The mortgagee need not produce the original note because its authority to foreclose is determined solely by its relationship to the deed of trust. *Id.* (explaining that possession of the note is not a prerequisite to foreclosure because a "deed of trust gives the lender as well as the beneficiary [of the deed of trust] the right to invoke the power of sale, even though it would not be possible for both to hold the note") (internal quotations omitted). A mortgage servicer may also administer the foreclosure sale on behalf of a mortgagee, as long as the two entities enter into a servicing agreement and provide the borrower with certain disclosures. *See* Tex. Prop. Code § 51.0025. As courts have noted, no provision of § 51.0025 "require[s] the mortgage servicer to be the 'holder' of the Note and Deed of Trust or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *adopted by* 2010 WL 996917 (N.D. Tex. Mar. 17, 2010); *see also Martins*, 722 F.3d at 255 (holding that "the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure").

Here, Defendant provides a certified copy of the Deed of Trust that designated MERS as the "beneficiary" under the Deed of Trust, making it the original mortgagee. (doc. 10 at 138-59); *see* Tex. Prop. Code § 51.0001(4)(A). The Deed of Trust also granted MERS, the nominee for Lender and its successors and assigns, the authority to invoke the power of sale and to exercise any and all of the interests that Plaintiffs granted Lender under the Deed of Trust. (*Id.* at 141.) MERS could therefore foreclose on the Property upon Plaintiffs' default, and could also transfer that right to third

parties by assigning the Deed of Trust. *See Willeford*, 2012 WL 2864499, at *3; *Warren*, 2012 WL 3020075, at *4. Defendant also provides a certified copy of the Transfer of Lien executed by MERS that assigned the Deed of Trust to Defendant. (doc. 10 at 161-62.) Upon MERS's assignment on October 12, 2017, Defendant and its successors and assigns became the "the last person[s] to whom the security interest ha[d] been assigned of record", i.e., the mortgagee(s), and acquired all of MERS's and Lender's interests under the Deed of Trust, including the right to invoke the power of sale upon Plaintiffs' default. *See Warren*, 2012 WL 3020075, at*4; *see also* Tex. Prop. Code § 51.0001(4)(C).

Defendant proffers a declaration from its foreclosure operations supervisor authenticating the loan documents, including the Note and the correspondence sent to Plaintiffs. (doc. 10 at 5-8.) Attached to the declaration is a copy of Defendant's letter to Castillo dated November 22, 2016, identifying itself as the loan servicer and noting the proper payment remittance information. (*Id.* at 16-17.) Also attached is a copy of Defendant's letter to Castillo dated November 25, 2016, identifying itself as the new mortgagee and noting its continuing status as the loan servicer. (*Id.* at 28-31.) The evidence demonstrates that as the mortgagee, Defendant could elect to be its own mortgage servicer and foreclose on the Property in that capacity without needing to produce the promissory note. *See* Tex. Prop. Code § 51.0001(3); *Martins*, 722 F.3d at 255. Based on this evidence, Defendant has met its summary judgment burden to show there is no genuine issue of material fact that Defendant, in either its capacity as mortgagee or as mortgage servicer, had the authority to foreclose under the Texas Property Code.[8]

---

[8] A copy of the Note indorsed in blank is also attached to the foreclosure operations supervisor's declaration. (doc. 10 at 10-14.) Although not required to do so in order to foreclose, by producing this document, Defendant has shown that it is the holder in due course of the Note and the "person" entitled to collect on it. *See Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, 469 F. App'x 330, 331 (5th Cir. 2012), *cert. denied,* 568 U.S. 824 (U.S. Oct. 1, 2012)

The burden now shifts to Plaintiffs to show a genuine issue of fact regarding Defendant's capacity to initiate foreclosure proceedings on the Property.

### a.    Mortgagee

Plaintiffs respond that Defendant's status as "the last mortgagee of record" is not conclusively settled by the summary judgment evidence. (doc. 15 at 2-3). They contend that because "there is no summary judgment evidence to establish that the signer of the Transfer of Lien had MERS officer status on behalf of a MERS member," there is a genuine fact issue as to the validity of the Transfer of Lien. (*Id.*) They argue that unless there is a showing of clear authority for the signer of the Transfer of Lien, there is insufficient proof that Defendant is "actually the last mortgagee of record and entitled to act to attempt to enforce the lien of the deed of trust." (*Id.*)

Plaintiffs' conclusory allegations challenging the Transfer of Lien are insufficient to defeat summary judgment. *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment.") (quoting *Douglass*, 79 F.3d at 1429)). Because "[r]eal property records often contain transfers taking place many years in the past," Texas law 'view[s] with suspicion and distrust attempts to discredit certificates of acknowledgment,' under which the transfer is presumptively valid and contradicting evidence 'must be clear, cogent, and convincing beyond reasonable controversy.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 586 F. App'x 631, 634 (5th Cir. 2013) (per curiam) (quoting *Ruiz v. Stewart Mineral Corp.*, 202 S.W.3d 242, 248 (Tex. App.—Tyler 2006, pet. denied)). Defendant presents a certified copy of the Transfer of Lien, which was recorded in Dallas County, Texas on October 12, 2017. (doc. 10 at 161-62.). Plaintiffs

---

("Because the note was endorsed in blank and the [defendant] was in possession of the note, under Texas law, the [defendant] was entitled to collect on it.") (citing to Tex. Bus. & Com. Code §§ 1.201(b)(21), 3.204, 3.205).

do not identify any competing evidence of record, so they have failed to demonstrate the existence of a genuine dispute of material fact. *See, e.g., Pryor v. Everhome Mortg. Co.*, No. 3:13-CV-2963-D, 2014 WL 5802716, at *3 (N.D. Tex. Nov. 7, 2014) (granting defendant's summary judgement motion on wrongful foreclosure claim because plaintiff's evidence that the signatory for MERS was employed by a different company at the time of the assignment was not sufficient evidence that MERS's signatory was not authorized to sign documents on behalf of MERS); *Felder v. Countrywide Home Loans*, No. CIV.A. H-13-0282, 2013 WL 6805843, at *17 (S.D. Tex. Dec. 20, 2013) (finding that plaintiff's allegations that the person signing a deed assignment lacked sufficient authority to do so failed to raise a genuine of material fact as to the validity of that assignment in light of defendant's evidence of a facially valid assignment).

Additionally, Plaintiffs do not have standing to challenge the Transfer of Lien on the ground that it is invalid due to the signatory's lack of authority to execute it on behalf of MERS. *See Ericson v. Resurgent Capital Servs., L.P.*, 622 F. App'x 342, 344 (5th Cir. 2015) ("[U]nder Texas law, challenges to facially valid assignments 'for want of authority' may only be brought by the defrauded assignor."). Lack of authority to execute the Transfer of Lien would only make the assignment of the Deed of Trust voidable. *Wood v. Bank of Am.*, No. 4:14-CV-00073-O, 2015 WL 2378958, at *6 n.8 (N.D. Tex. Apr. 23, 2015) ("The Texas Supreme Court has held that a contract executed on behalf of a corporation by a person fraudulently purporting to be a corporate officer is, like any other unauthorized contract, not void, but merely voidable at the election of the defrauded principal.") (citing *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976)). As recognized by the Fifth Circuit, "the law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the

assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013) (quotation marks omitted). Because Plaintiffs do not have standing to challenge an improper assignment rendering the Transfer of Lien voidable, they have not identified a genuine issue of material fact sufficient to preclude summary judgment on Defendant's mortgagee status and authority to initiate foreclose proceedings. *See, e.g., Pryor*, 2014 WL 5802716, at *3 ("Accordingly, to the extent Pryor contends the assignment is void or invalid on the basis that Wood lacked the authority to execute the assignment of the deed of trust on behalf of MERS, this argument is insufficient to create a genuine issue of material fact precluding summary judgment on Pryor's trespass to try title claim.").

### b.    Mortgage Servicer

Plaintiffs contend that the summary judgment evidence is insufficient to support Defendant's claimed status as the mortgage servicer because a mortgage servicer's authority derives from "solidly established ownership of the Loan," and is "wholly derivative from the authority (or lack of authority) of the putative mortgagee." (doc. 15 at 3-4.) They do not, however, identify evidence of record that creates a genuine issue of material fact regarding Defendant's status as mortgage servicer. Also, because the undisputed summary judgment evidence shows that they have submitted payments to Defendant since November 2016, (*see* doc. 10 at 31-39), they are unable to contest this under the doctrine of quasi-estoppel. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (finding the doctrine of quasi-estoppel barred a borrower from challenging a defendant's status as mortgage servicer based on payments borrower made to a defendant over a 14-month period). Plaintiffs' argument lacks merit.

### c.    Note Holder

Plaintiffs also appear to assert the existence of a genuine fact issue based on purported

inconsistencies in the summary judgment evidence concerning the Note. (doc. 15 at 1-2.) They contend that it had indorsements and allonges that were not included with the Note that was attached to the discovery requests Defendant sent them. (*Id.*) They also challenge the Note on grounds that the foreclosure operations supervisor's declaration does not specify whether he physically examined the original or an electronic copy. (*Id.* at 2.)

Plaintiffs offer nothing beyond conjecture and speculation to controvert Defendant's summary judgment evidence of the Note. A copy of the indorsed Note is attached to the declaration and properly authenticated. (doc. 10 at 10-14.); *see* Fed. R. Evid. 803(6)(A)-(D). Because Plaintiffs have not objected to the copy of the Note presented as Defendant's summary judgment evidence, that copy serves as evidence of the Note for purposes of summary judgment. While Plaintiffs point to an unindorsed version of the Note, they fail to explain why its existence gives reason to question the legitimacy of the Note attached to Defendant's summary judgment motion. *See, e.g., Resolution Tr. Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992) (explaining that when an otherwise valid business record affidavit is presented on summary judgment, the party challenging it must either submit facts which demonstrate that the statements within it are questionable, or, alternatively, demonstrate that allegations are in fact not properly supported). This conclusory challenge to the summary judgment evidence is insufficient to raise a genuine issue of material fact to avoid summary judgment.

Second, Plaintiffs provide nothing beyond conclusory argument to show a genuine fact issue based on the foreclosure operations supervisor's examination of the Note. (doc. 15 at 2.) This argument appears to derive from what is commonly referred to as the "show-me-the-note" theory. *See Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12,

2012), *adopted by* 2012 WL 2864467 (N.D. Tex. July 12, 2012). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (citation and internal quotation marks omitted). The theory has been repeatedly rejected in this circuit. *See Martins*, 722 F.3d at 254 ("We find no [ ] Texas authority requiring production of the 'original' note. The original, signed note need not be produced in order to foreclose."); *see also Cervantes v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-0661-D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012) (collecting cases). Even if the foreclosure operations supervisor did not physically examine the original wet-ink signature version of the Note, "the dispute is immaterial because it does not affect [Defendant's] authority to foreclose." *See Walker v. Willow Bend Mortg. Co., LLC*, No. 3:18-CV-0666-D, 2019 WL 1569683, at *7 (N.D. Tex. Apr. 11, 2019) (rejecting a similar challenge to loan documents attached to a summary judgment motion). Accordingly, Plaintiffs have failed to meet their summary judgment burden of raising a genuine issue of material fact as to Defendant's authority to foreclose based on the Note.

Because no genuine dispute exists as to any material fact on the issue of Defendant's authority to foreclose on the Property, its motion for summary judgment on this issue should be granted.

### 2.    *Notice Requirements*

Plaintiffs argue that Defendant failed to provide the notices required by §§ 51.002(b) and (d) of the Texas Property Code, and that any notices it did provide did not comply with those provisions. (doc. 1-5 at 7.)

To conduct a lawful foreclosure in Texas, a mortgagee, including its mortgage servicer,

"must strictly satisfy the notice requirements set forth in the deed of trust and prescribed by law." *Gossett v. Fed. Home Loan Mortg. Corp.*, No. CIV.A. H-11-508, 2013 WL 321664, at *5 (S.D. Tex. Jan. 24, 2013) (citation omitted).  The Texas Property Code requires a mortgagee to provide to the debtor notice of default and intent to accelerate and to give the debtor an opportunity to cure the default within a minimum of 20 days.  *See* Tex. Prop. Code § 51.002(d).  If the mortgagee invokes the power of sale under the deed of trust, it must provide to the debtor notice of the time and place of the foreclosure sale at least 21 days prior to the date of the sale by posting notice in the county where the property is located, filing the notice with the office of the county clerk, and "serving written notice of the sale by certified mail on each debtor." *Id.* § 51.002(b).  The Texas Property Code provides that "[s]ervice of a notice under [§ 51.002] by certified mail is complete when the notice is deposited in the [U.S.] mail, postage prepaid and addressed to the debtor at the debtor's last known address." *Id.* § 51.002(e).  Under § 51.002(e), courts have concluded that constructive notice, as opposed to actual notice, satisfies the notice requirements. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam).

Defendant argues that the summary judgment evidence shows that it complied with the notice requirements of Texas Property Code § 51.002.  (doc. 9 at 22-23.)  To show that it sent the notice of default and intent to accelerate required by § 51.002(d), Defendant provides the Notice of Default dated June 22, 2017, which notified Castillo of the default, provided an amount required to cure the default, and advised Castillo that he had 30 days to cure the default and that if he failed to do so, the mortgage payments would be accelerated.  (doc. 10 at 43-47.)  The letter was sent to Castillo by certified mail.  (*Id.* at 7)  To show that it sent Plaintiffs the notice of acceleration and sale required by § 51.002(b), Defendant provides the Notice of Acceleration dated December 11, 2017,

14

sent via certified mail, informing Plaintiffs that Defendant had elected to accelerate the maturity of

the debt and that the Property would be sold at a foreclosure sale on February 6, 2018. (*Id.* at 55, 58-

67.) Attached to the letter is the Notice of Substitute Trustee Sale providing additional details about

the foreclosure sale.  (*Id.* at 55, 61-62, 66-67.)   Defendant also points to Plaintiffs' deemed

admissions that Castillo had received the Notice of Default, and that Plaintiffs had received the

Notice of Acceleration and Notice of Substitute Trustee Sale.  (*Id.* at 80-81.)[9]

Given this evidence, Defendant has met its summary judgment burden to show that there is

no genuine issue of material fact with respect to Plaintiffs' claim regarding its alleged violations of

§§ 51.002(b) and (d) of the Texas Property Code.  The burden now shifts to Plaintiffs to show that

there is a genuine material fact issue with respect to this claim.  Plaintiffs do not dispute the

summary judgment evidence showing the requisite notices were sent, but argue that the notices are

invalid because of Defendant's lack of capacity.  (doc. 15 at 4-5.)  As noted, Plaintiffs' capacity-

based theory lacks merit and fails to refute Defendant's summary judgment evidence.  Accordingly,

Defendant is entitled to summary judgment on the claim that it violated the Texas Property Code.[10]

_____

[9]  Defendant's requests for admissions to Plaintiffs were deemed admitted on May 29, 2018, after they failed to respond. (*See* doc. 10 at 72-73); *see* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *see, e.g., Estate of Newton ex rel. Newton v. Grandstaff*, No. 3:10-CV-809-L, 2013 WL 230252, at *3 (N.D. Tex. Jan. 18, 2013) (finding all matters deemed admitted due to plaintiff's failure to answer defendant's requests for admission may be used and relied on by defendant with respect to its summary judgment motion).  Plaintiffs generally argue that Defendant "seeks to treat all admission requests as deemed and of effect to support legal conclusions necessary to the summary judgment sought," but do not specifically identify the admissions being used "beyond their permissible use." (doc. 15 at 3.)  The requests for admissions that Plaintiffs actually received these notices involve ultimate facts and not conclusions of law, however.  *See, e.g., Rodriguez v. Wells Fargo Bank, N.A.*, No. 7:18-CV-109, 2019 WL 528719, at *4 (S.D. Tex. Feb. 11, 2019) ("Plaintiffs' failure to respond to Defendants' discovery requests results in deemed admissions that Plaintiff defaulted on the Note and received notices of default, acceleration, and foreclosure.").  To the extent that Plaintiffs object to these deemed admissions as summary judgment evidence, their objection is overruled.

[10]  Defendant also contends that there is no private cause of action for violations of § 51.002. (doc. 9 at 22.)  Plaintiffs' summary judgment response state that they "do not assert a private right of action under Texas Property Code Chapter 51," however. (doc. 15 at 7.)  Because Defendant is entitled to summary judgment on its claim that it did not violate § 51.002, it is not necessary to reach this argument.

C.    **Breach of Contract**

Defendant moves for summary judgment on Plaintiffs' breach of contract claim, in which they claim that Defendant breached the Deed of Trust by initiating foreclosure proceedings in violation of the Texas Property Code. (doc. 9 at 23-26.)

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the Plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

### 1.    *Plaintiffs' Failure to Perform*

Defendant first contends that Plaintiffs' breach of contract claim fails as a matter of law because there is no genuine issue of material fact that they are in default on the Deed of Trust. (doc. 9 at 24.)

It is well-established "that a party to a contract who is himself in default cannot maintain a suit for its breach." *Langlois v. Wells Fargo Bank Nat. Ass'n*, 581 F. App'x 421, 425 (5th Cir. 2014) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)) (internal quotation marks omitted). Nevertheless, "where the alleged contractual obligation to provide notice presupposes the recipient is already in breach of his contractual obligations, failure to provide notice is nonetheless actionable." *Covarrubias v. U.S. Bank, N.A.*, No. 3:13-CV-3002-B, 2015 WL 221083, at *14 (N.D. Tex. Jan. 15, 2015). As recently discussed by the Fifth Circuit:

> [T]he requirement in a deed of trust that there be notice of intent to foreclose only has meaning if it can be enforced in the event of default. Texas courts "must ...

16

> attempt to give effect to all contract provisions so that none will be rendered meaningless." If performance of the terms of a deed of trust governing the parties' rights and obligations in the event of default can always be excused by pointing to the debtor's default under the terms of the note, the notice terms have no meaning. Such a reading is inconsistent with the intent of the parties and with Texas law.

*Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 245 (5th Cir. 2018) (internal citation omitted).

Because the notice requirement and foreclosure of the Property under the Deed of Trust were triggered by Plaintiffs' default, their default does not preclude them from bringing a claim for breach of the Deed of Trust. *See Covarrubias*, 2015 WL 221083, at *14; *see, e.g., Brinkley v. PennyMac Loan Servs., LLC*, No. 3:18-CV-383-G-BN, 2018 WL 6004309, at *10 (N.D. Tex. Oct. 22, 2018) (concluding that the plaintiff's own breach of the deed of trust is not dispositive of his ability to maintain a breach of contract claim against the defendant for not upholding its notice obligations under the deed of trust "because these notice terms would then be meaningless as they are only ever invoked subsequent to a default"), *adopted by* 2018 WL 5995444 (N.D. Tex. Nov. 15, 2018), *appeal dismissed sub nom. Brinkley v. Pennymac Loan Servs., L.L.C.*, No. 18-11615, 2019 WL 2537996 (5th Cir. Jan. 31, 2019). Therefore, Plaintiffs' default under the Deed of Trust is not fatal to their breach of contract claim, and summary judgment on this claim should be denied on this basis.

### 2. *Breach by Defendant*

Defendant next contends that the breach of contract claim fails because there is no genuine issue of fact regarding whether it provided Plaintiffs with the requisite notices under the Texas Property Code. (doc. 9 at 25.)

As discussed, Defendant provides evidence that it sent a notice of default and intent to accelerate to Castillo via certified mail on June 22, 2017, which provided Plaintiffs with more than the requisite 20 days to remit payment. (*See* doc. 10 at 7, 43-47.) It also provides evidence that a

notice of substitute trustee sale with a proposed sale date of February 6, 2018, was sent to Plaintiffs on December 11, 2017, which was more than 21 days prior to the sale date of the Property.  (*See id.* at 55, 58-67.)  Defendant's evidence demonstrates that at the time these notices were provided to Plaintiffs, it was the mortgagee and also qualified as the mortgage servicer, and that it complied with the notice requirements of §§ 51.002(b) and (d) of the Texas Property Code.  (*See id.* at 28-29, 161-62.)  It has therefore met its summary judgment burden to show that there is no genuine issue of material fact with respect to Plaintiffs' breach of contract claim based on Defendant's purported breach of the Deed of Trust due to its alleged violations of the Texas Property Code.

The burden now shifts to Plaintiffs to show that there is a genuine issue of material fact with respect to their claim.  They do not argue, or provide any evidence, that Defendant did not send the requisite statutory notices to them, or that they did not receive those notices.  They have failed to identify evidence sufficient to create a genuine issue of material fact as to whether Defendant complied with the notice requirements of § 51.002.

Instead, Plaintiffs reiterate their conclusory allegation that a mortgage servicer's failure to follow "the mandates of Chapter 51, particularly . . . §§ 51.002 and 51.0025, are violations of 'applicable law' under the Deed of Trust" in support of a breach of contract claim.  (doc. 15 at 7.)  They still fail to meet their summary judgment burden because they do not identify a specific provision in any contract that was allegedly breached as a result of the alleged violations of the Texas Property Code. *See Innova Hospital San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc*., 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (explaining that "a plaintiff must identify a specific provision of the contract that was allegedly breached" to avoid dismissal); *see Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1003 (S.D. Tex. 2011) (dismissing a breach of contract

18

claim on a foreclosure action because plaintiffs "fail[ed] to provide the loan documents that were breached and to indicate which provisions were breached"). Defendant did not, as a matter of law, fail to comply with the notice requirements of § 51.002. *See Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013). Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their breach of contract claim, and Defendant's motion for summary judgment as to their breach of contract claim should be granted on this basis.[11]

**D.    TDCPA**

Defendant moves for summary judgment on Plaintiffs' claims for violating §§ 392.301(a)(8), 392.303(a)(2), and 392.304(a)(8) and (19) of the Texas Finance Code on grounds that it has the authority to initiate foreclosure on the Property and did not violate § 51.002 of the Texas Property Code. (doc. 9 at 17-21.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JP Morgan Chase & Co.*, No. 3:12-CV-2156-M, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012). A claimant must show: (1) the debt is a consumer debt; (2) the defendant is a debt collector, as defined under the TDCPA; (3) the defendant committed a wrongful act in violation of the TDCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. Tex. Fin. Code §§ 392.001-392.404. The TDCPA defines a "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." *Id.* § 392.001(6).

---

[11]  Defendant also moves for summary judgment on Plaintiffs' breach of contract claim on the basis that there is no injury because they remain in possession of the Property. (doc. 9 at 25-26.) Because the breach of contract claim is otherwise subject to dismissal, it is unnecessary to reach this argument.

"Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). This can include "actions taken in foreclosing real property." *See Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted).

### 1. Section 392.301(a)(8)

Defendant argues that the claim that it violated § 392.301(a)(8) fails because there are no genuine issues of material fact disputing that it provided all required foreclosure notices to Plaintiffs and had the proper authority to do so. (doc. 9 at 18-19.)

Section 392.301(a)(8) provides: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ [the practice of] . . . threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). Plaintiffs allege that Defendant violated § 392.301(a)(8) because it "threatened to take and/or did take several actions prohibited by law relating to [the] threatened trustee's sale of the Property. . . ." (doc. 1-5 at 5.) They contend that this conduct is prohibited by law because Defendant lacked the capacity to initiate foreclosure proceedings and issue the notices required under §§ 51.002(b) and (d) of the Texas Property Code, and has no authority to hold a substitute trustee's sale. (*Id.* at 5-6.)

As discussed, Defendant provides evidence showing it had the authority to issue the foreclosure notices because it was the last assignee of record of the Deed of Trust and therefore a "mortgagee," and was also the mortgage servicer. (*See* doc.10 at 28-29, 161-62.) It also provides evidence showing that it sent the requisite notices that conformed in the form and manner required under the Texas Property Code. (*See id.* at 7, 43-47, 55, 58-67.) Because Defendant's evidence shows that its attempted foreclosure was proper and it did not violate the Texas Property Code, it

has met its summary judgment burden.

The burden now shifts to Plaintiffs to show a genuine issue of fact. Their summary judgment response does not refute Defendant's evidence, but generally alleges that if a defendant threatened foreclosure at the time it did not have the legal right to demand foreclosure (i.e., prior to its assignment of the Deed of Trust), its conduct was prohibited by law and constitutes a valid claim of a § 392.301(a)(8) violation. (doc. 15 at 9.) They contend that they have "clearly set out claims that could result in a finding that the Defendant had no authority to act in threatening trustee sales." (*Id.*) Because Plaintiffs do not point to any evidence to substantiate these conclusory claims, however, they have failed to meet their burden to identify a genuine issue of material fact regarding Defendant's alleged violation of Texas Finance Code § 392.301(a)(8).

### 2.    *Section 392.303(a)(2)*

Defendant argues that Plaintiffs' claim for violation of § 392.303(a)(2) fails as a matter of law because it did not collect or attempt to collect any improper interest or fees. (doc. 9 at 19-20.)

Section 392.303(a)(2) of the Texas Finance Code prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect "interest or a charge, fee, or expense incidental to the [debt] obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code § 392.303(a)(2). "To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of 'wrongful charges' and must identify the unauthorized fees or penalties that a defendant imposed." *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2017 WL 10296307, at *10 (N.D. Tex. Dec. 4, 2017), *adopted by* 2018 WL 4621770 (N.D. Tex. Jan. 3, 2018) (citations omitted). Plaintiffs allege that Defendant violated §

392.303(a)(2) because it attempted to collect interest, fees, or expenses "incidental to the Note when such interest or charge, fee or expense was not expressly authorized by the Deed of Trust and/or Note and legally chargeable to the Plaintiffs." (doc. 1-5 at 6.)  They contend that by failing to "properly account for and acknowledge payments made through at least November, 2017," Defendant has demanded payment for sums not permitted under the Note and Deed of Trust.  (*Id.*)

Plaintiffs fail, however, to identify the specific unauthorized interest, fee, or expense that Defendant either collected, or attempted to collect, from Plaintiffs.  A plaintiff's general assertions of "wrongful charges" are insufficient to state a claim under § 392.303(a)(2) and do not, without more, provide a genuine issue of material fact as to a violation of that provision.  *See Williams*, 560 F. App'x at 240 (finding the plaintiffs' general assertion of "wrongful charges" was insufficient to state claim under § 392.303(a)(2) where they failed to allege that imposition of charges was not authorized by the parties' agreement or legally chargeable to them); *Verdin v. Federal Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (finding claim under § 392.303(a)(2) failed because the loan agreement expressly authorized the bank to demand fees and charges in the event of default); *Carrington v. Bank of America, N.A.*, No. H-12-1542, 2013 WL 265946, at * 11 (S.D. Tex. Jan. 17, 2013) (finding plaintiffs' allegation that defendant added late fees when its agent represented that plaintiffs' modification would not be approved if they continued to pay their mortgage during the modification period failed to state a claim under § 392.303(a)(2) because the deed of trust specifically allowed imposition of late charges).  Further, Plaintiffs' allegations regarding Defendant's failure to account and acknowledge their payments do not implicate § 392.303(a)(2).

*See Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2514998, at *7 (N.D. Tex.

June 18, 2019). Because their summary judgment response fails to respond to this argument, they have effectively abandoned this ground as a basis for their claim. *Id.* ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned.") (citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)).

Even assuming Plaintiffs asserted a valid claim under § 392.303(a)(2), Defendant provides their loan payment history, which shows their payments on the loan up until June 2017. (*See* doc. 31-39.) Further, the Note and Deed of Trust authorize Defendant to charge fees and loan charges, including late fees, in connection with Plaintiffs' default and its pursuit of remedies under those agreements. (*See id.* at 10-14, 138-55.) Because Defendant's evidence shows that it did not attempt to collect unauthorized interest, fees, and expenses in violation of § 392.303(a)(2), it has met its summary judgment burden. As noted, Plaintiffs have not offered any evidence to dispute this showing. Accordingly, Plaintiffs have failed to meet their burden to show a genuine issue of material fact as to their claim under § 392.303(a)(2), and Defendant is entitled to summary judgment on this claim.

### 3. *Sections 392.304(a)(8) and (19)*

Defendant moves for summary judgment on Plaintiffs' claims that it violated §§ 392.304(a)(8) and (19) on grounds that their payments were properly applied to their loan and it did not misrepresent the status of the loan. (doc. 9 at 20-21.)

During debt collection, or in obtaining information concerning a consumer, § 392.304(a) prohibits a debt collector from using "a fraudulent, deceptive, or misleading representation that employs [certain prohibited] practices." Tex. Fin. Code § 392.304(a). Section 392.304(a)(8) prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer

23

debt." *Lucas v. Ocwen Home Loan Servicing*, No. 3:13-CV-1057-G, 2013 WL 6620856, at *13 (N.D. Tex. Dec. 16, 2013) (quoting Tex. Fin. Code § 392.304(a)(8)). "Subsection 392.304(a)(19) operates effectively as a 'catch-all' provision, prohibiting a debt collector from 'using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.'" *Sanghera*, 2012 WL 555155, at * 8 (citing Tex. Fin. Code § 392.304(a)(19)); *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241-42 (5th Cir. 2014). "To violate the [TDCPA] using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Verdin v. Federal Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013) (citations and internal quotations omitted).

Plaintiffs argue that Defendant violated §§ 392.303(a)(8) and (19) by making fraudulent representations and employing deceptive acts and practices to misrepresent the status of their debt with the intent that they rely on that misrepresentation. (doc. 1-5 at 6). Specifically, they contend that Defendant (1) failed to account for and acknowledge payments made through November 2017, and subsequently accelerated the Note, (2) refused payments that they tendered, (3) demanded that they pay amounts not owed, and (4) failed to acknowledge their request for a loan modification and to consider or process that request "in the normal course." (*Id.*)

As noted, Defendant provides the loan payment history showing all payments received and applied to the loan. (*See* doc. 31-39.) It also provides the letter sent to Castillo on January 26, 2018, notifying him that his loan modification request was denied. (*See id.* at 50.) Defendant has met its summary judgment burden to show that there is no genuine issue of material fact with respect to Plaintiffs' claim regarding the alleged violations of §§ 392.303(a)(8) and (19).

The burden now shifts to Plaintiffs to show that there is a genuine material fact issue with

respect to their claim.  They do not dispute the summary judgment evidence showing the loan payment history or that Defendant responded to the loan modification application, and by failing to respond to this argument, they have abandoned this claim.  See *Black, 461 F.3d at 588 n.1*.  Plaintiffs therefore have not shown that there is a genuine issue of material fact as to whether Defendant violated §§ 392.303(a)(8) and (19).  Accordingly, Defendant is entitled to summary judgment on all of Plaintiff's claims under the TDCPA.[12]

## E.    **Declaratory Relief**

Defendant moves for summary judgment on Plaintiffs' request for declaratory judgment on the ground that they have failed to bring any viable claims against it.  (doc. 9 at 26.)

Plaintiffs seek declaratory judgment that any deed or conveyance executed by or on behalf of any substitute trustee as to the Property are void, and that Defendant's actions violated the TDCPA.  (doc. 1-5 at 10.)  When a declaratory judgment action is filed in state court and is subsequently removed to federal court, "it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202."  *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).  The Declaratory Judgment Act (the Act) allows a federal court to declare the rights and legal relations of any interested party.  28

---

[12]  Plaintiffs' summary judgment response argues that their "factual allegations may be supported through discovery. . . ." (doc. 15 at 9.)  It does not identify the specific discovery or information necessary to support those allegations, however. (*Id.*)  Rule 56(d) provides that if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[,]" courts may either defer considering a motion for summary judgment or deny it and permit additional time for discovery. Fed. R. Civ. P. 56(d).  Rule 56(d) motions should be liberally granted, *see Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (addressing prior Rule 56(f)), but deferral requires Plaintiffs to show how the discovery will establish a genuine issue of material fact. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990).  A party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).  Even liberally construing Plaintiffs' bare assertion as a Rule 56(d) motion, they have not met their burden to show entitlement to time for discovery on the legal issues presented in Defendant's summary judgment motion, so any Rule 56(d) motion is denied.

U.S.C. § 2201.  Because the Act does not create a substantive cause of action, the plaintiff's ability to obtain declaratory relief depends on the "adjudication of an actual controversy arising under other substantive law."  *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009).  Accordingly, a declaratory judgment is unavailable where there is no viable claim for relief.  *See Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *adopted by* 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citation omitted).  Because Plaintiffs have not met their summary judgment burden to show a genuine issue of material fact exists with respect to their substantive claims, Defendant is entitled to summary judgment on their request for declaratory judgment.  *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHome Key, Inc.*, 2011 WL 3606688, at *56 (N.D. Tex. Aug. 16, 2011), *aff'd by* 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

**F.   <u>Injunctive Relief</u>**

Defendant moves for summary judgment on Plaintiffs' request for injunctive relief on the ground that they have failed to bring any viable claims against it. (doc. 9 at 26.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, *inter alia*, 'a substantial likelihood of success on the merits.'"  *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Plaintiffs seek to bar any transfer of interest in the Property or any forcible detainer, enjoin Defendant's actions which violate the TDCPA, and

enjoin any action to interfere with their exclusive use and possession of the Property. (doc. 1-5 at 8-10.) Because summary dismissal of all Plaintiffs' claims is warranted on the merits, they cannot establish any likelihood of success on the merits. *See Jackson*, 2011 WL 3874860, at *3. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' request for injunctive relief.

**G.    Attorney's Fees**

Defendant moves to dismiss Plaintiffs' request for attorney's fees on the ground that they have failed to plead a viable cause of action. (doc. 9 at 26.)

Here, Plaintiffs request "their reasonable and necessary attorney's fees and costs of court under each and every applicable claim at common law and under a cited statute and statutes . . . , including but not limited to Tex. Fin. Code § 392.403(b)." (doc. 1-5 at 9.) Because Plaintiffs have failed to raise a genuine issue of material fact with respect to any of their substantive claims, Defendant is entitled to summary judgment on their request for attorney's fees and court costs. *See Franklin*, 2012 WL 2679496, at *13 (dismissing the plaintiff's request for attorney's fees because all of his substantive claims had been dismissed on summary judgment).

## IV. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED**, and all of Plaintiffs' claims should be **DISMISSED with prejudice.**

**SO RECOMMENDED** on this 8th day of August 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

28